EDWARD HINCKEN and others, Executors, etc., of Peter Rice, Respondents, *v.* THE MUTUAL BENEFIT LIFE INSURANCE COMPANY, Appellant.

(GENERAL TERM, SECOND DEPARTMENT, 1872.)

The agreement in life policies of insurance to pay within a time after due notice and proof of interest and death, does not impose the performance of a condition precedent upon the owner of the policy.

And on the trial of an action to recover the insurance, evidence of notice and proof given is only necessary as establishing that the time of payment fixed by the policy has elapsed.

Where preliminary proofs have been delivered to the insurer a sufficient

time before suit, and no objections to them are shown, *prima facie* the proofs are sufficient.

Non-production upon the trial, by the insurer, of the proofs shown to have been given, is evidence that no objection to them exists.

THIS was an appeal from a judgment entered upon the verdict of a jury in favor of the plaintiff. The facts are stated in the opinion.

*Alvin C. Bradley*, for the appellant. Due notice and proof of interest and of the death was a condition precedent to the right of action. (*Hanley* v. *Wood*, 6 Tenn., 710; *Irving* v. *Excelsior Ins. Co.*, 1 Bosw., 517, 523; *Parker* v. *Phœnix Ins. Co.*, 8 J. R., 307; *Lawrence* v. *Ocean Ins. Co.*, 11 id., 242; *Child* v. *Sun Mutual Ins. Co.*, 3 Sand., 26; *Campbell* v. *Charter Oak Ins. Co.*, 92 Mass., 213.) The remedy, if a negative pregnant existed in the answer, was by motion. (*Wells* v. *Buffalo Water-works*, 18 N. Y., 119.) To remove the objection of want of due proof, subsequent production of actual proof by one or the other party was essential, and it must have been such as would have originally established due proof by the plaintiffs. (*Jackson* v. *Leggett*, 7 Wend., 377; *Colvin* v. *Burnett*, 2 Hill, 620; *Schenectady and S. Plk. R. Co.* v. *Thatcher*, 11 N. Y., 102; *Lansing* v. *Van Alstyne*, 2 Wend., 561; *Barrick* v. *Austin*, 21 Barb., 241.)

*D. T. Walden* and *G. G. Reynolds*, for the respondents, upon the question of pleading, cited 1 Chit. Pl. (8 Amer. ed., 614); 2 Sand., 207, n. 24; 319, n. 6; 1 id., 268, 269, n. 2; Code, § 168; *Young* v. *Catlett* (6 Duer, 444); *Arthur* v. *Brooks* (14 Barb., 533, 535); *Wood* v. *Whitney* (21 Barb., 190); *West* v. *Am. Ex. Bank* (44 Barb., 175, 179); *Bates* v. *Rosekrans* (23 How. Pr. R., 98); *Beach* v. *Bay State Co.* (10 Abb., 716); *Cruger* v. *Hud. R. R. Co.* (12 N. Y., 201). The necessary evidence was given before close of the case. (*Schenectady & S. Plk. R. Co.* v. *Thatcher*, 11 N. Y., 102.) Defendants waived objection to the proofs by silence, and should have produced them. (*Ætna Ins. Co.* v. *Tyler*, 16

Wend., 402; *O'Neil* v. *The Buffalo Ins. Co.*, 3 N. Y., 122, 128; *Kernochan* v. *Bowery Ins. Co.*, 17 id., 428; *Vos* v. *Robinson*, 9 John., 192, 196; Philips on Ins., § 1813.)

Present—BARNARD, P. J., GILBERT and TAPPAN, JJ.

By the Court—GILBERT, J.   The action is upon a policy of life insurance.   The complaint alleges that the defendant, by a policy, insured the life of Peter Rice in the sum of $10,000, and agreed to pay that sum to his " executors, administrators or assigns within ninety days after due notice and· proof of interest, and of the death of said Peter Rice."

It avers the death of said Rice, and that the plaintiffs are the executors of his will, and then the plaintiffs further aver "that due notice and proof of the death of said Peter Rice and the interest of these plaintiffs was given to the defendant, by these plaintiffs, on or about the 18th day of September, 1866."

The answer admits that the policy was issued, sets forth matter in avoidance of it, and then follow these words: " Due notice and proof of the death of said Peter Rice and the interest of the plaintiffs was not given the defendant on or about the 18th day of September, 1866; but it is admitted that the plaintiffs are executors, as stated in the complaint."

The defendant then, except as before stated, denies each and every allegation in the first and second paragraphs of the complaint.

· At the trial the plaintiffs read in evidence the policy, proved the death of Peter Rice, and that verbal notice thereof was given to the defendant about two weeks after he died, by Mr. Williamson, the business partner of the deceased at the time of his death, and rested.

The defendant moved for a nonsuit, because the plaintiffs did not furnish the proofs of the death as required by the policy, and no proper notice of the death had been given.

The motion was denied, and the defendant excepted.

The defendant then recalled the plaintiff's witness and

proved by him that he delivered the preliminary proofs at the office of the company in August, 1866, and thereupon moved for a dismissal of the complaint on the ground that plaintiffs were bound to produce in evidence the proofs received, or some proofs furnishing due proof of Rice's death ninety days before suit brought. The court overruled the motion, and, no further evidence having been offered, directed a verdict for the plaintiffs.

If the case of *Wall* v. *Buffalo Water-works* (18 N. Y. R., 119) had not been brought to our notice, we would have held that the answer in this case did not put in issue the averment in the complaint, that due notice and proof of the death of the assured and the interest of the plaintiffs were given, but merely denied that such notice and proof were given at the time alleged. Such was the rule of construction applied to pleadings like this before the passage of the Code of Procedure (Gould's Pl., chap. 6, §§ 31–33.), and we think the same rule ought still to be applied. But assuming that the plaintiffs were bound to prove due notice and proof of the death, and of their interest, we are of opinion that the evidence given was sufficient, *prima facie*, to establish both these facts. The evidence was not necessary for the purpose of proving a performance, by the plaintiffs, of a condition precedent. The clause of the policy in question did not impose any such condition on them. The evidence was material only to show that the time of payment fixed by the policy had elapsed. The answer admitted that Rice died July 23d, 1866. The witness Williamson testified that he verbally gave notice of the death of Rice, and who his executors were, at the office of the company, to a person who seemed to be in authority there, about two weeks after he died. All that remained to be done by the plaintiffs then was to show that due proof of interest and of the death had been furnished. It was proved by the defendant itself that preliminary proofs were delivered in August, 1866, at the office of the company. No objection appears ever to have been taken to these proofs. They were in the possession of the defendant. The non-

production of them is satisfactory evidence that no valid objection to them existed.

If, therefore, the judge erred in refusing a nonsuit, the error was cured by the defendant supplying the evidence needed. A judgment will not be reversed for an erroneous refusal to nonsuit where the defect in the evidence is supplied by either party during the trial.

The judgment should be affirmed, with costs.